[Civ. No. 16935. Second Dist., Div. Three. June 21, 1949.]

Estate of JOSE FRANCISCO ARGUELLO, Deceased. GWENDOLYN LUCERO MOORADIAN, Respondent, v. FRANK R. LUCKHARDT, as Executor, etc., Appellant.

Wallace, Cashin & Arrington and W. W. Wallace for Appellant.

John L. Mace for Respondent.

VALLEE, J.—This case arose out of the same award as did *Luckhardt* v. *Mooradian,* this day decided, *ante,* p. 501 [207 P.2d 579].

The judgment in the Luckhardt case was signed March 24, 1948. On the following day Gwendolyn Lucero Mooradian, not as administratrix of the estate of Jose Francisco Arguello but individually, filed a petition in the probate court of the County of Los Angeles labeled "To Determine Heirship." The petition alleged the expropriation of the lands in Rancho Tijuana, the creation of the American Mexican Claims Commission, the presentation of a claim by her mother as predecessor administratrix of the estate of Jose, the award of the commission "to the heirs of Jose Francisco Arguello as their interests may appear, $21,646.00." The petition also alleged that the award constitutes personal property which vests other than by succession in the heirs of Jose without other description or means of identification; that petitioner's mother assigned her interest to the petitioner; and that certain named persons were the heirs of Jose and that they were entitled to receive the award of the commission. The prayer was for a decree "determining and establishing the identity of the persons embraced in the award."

Frank R. Luckhardt as executor of the estate of Pilar Arguello de Luckhardt filed an "opposition" to the petition. Among other things he alleged the judgment in *Luckhardt* v. *Mooradian*; that it adjudged that petitioner, as executrix of the estate of Jose Francisco Arguello, and the heirs of Jose had no interest in the award; that insofar as the petition sought to determine title to the award in the heirs of Jose, said matter had been adjudicated.

The court found the facts as alleged in the petition; that the commission disallowed the claim of Frank R. Luckhardt, as executor; that the award constitutes personal property; that the heirs of Jose designated in the award were certain named persons; that the award vested in those persons other than by the laws of succession apportioned in accordance with the laws of intestate succession of the State of California; that neither the estate of Pilar Arguello de Luckhardt pending in California, nor her executor, suffered any damage by the expropriation of lands in Mexico for the reason that said estate and said executor had no right, title or interest therein; that the judgment [in *Luckhardt* v. *Mooradian, ante*] did not determine or decree that the heirs of Jose Francisco

Arguello have no interest in said award for the reason that none of his heirs were parties to said action.

The decree was that the identity of the heirs "in whom the award of the American Mexican Claims Commission, dated April 4, 1947, made pursuant to the Settlement of Mexican Claims Act of 1942, vested" was certain named persons. Frank R. Luckhardt, as executor of the will of Pilar Arguello de Luckhardt, appeals.

 The principal points urged for reversal are that the award did not vest in the heirs of Jose Francisco Arguello "other than by the laws of succession" and that the probate court did not have jurisdiction to try title.

Probate Code, section 1190 provides: "When title to real or personal property, or any interest therein, vests, other than by the laws of succession, in the heirs, . . . of any person, without other description or means of identification of the persons embraced in such description, any person interested in such property as such heir, . . . may file a verified petition in the superior court of the county in which the property or any part thereof is situated, setting forth . . . and requesting that a decree be entered determining and establishing the identity of the persons embraced in such general description." The power of the court under section 1190 is to determine and establish the identity of the heirs only if title to property vests, "other than by the laws of succession."

Inasmuch as we have held in the Luckhardt case that if the heirs of Jose Francisco Arguello acquired any interest in the award of the American Mexican Claims Commission it was by succession, it follows that the court was without jurisdiction to determine the heirs in this proceeding.

Upon the authority of *Luckhardt* v. *Mooradian, ante,* p. 501 [207 P.2d 579], the decree is reversed.

Shinn, P. J., and Wood, J., concurred.